UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

-------------------------------------------------------------------x
Keturah Edmunds, individually and on behalf
of all others similarly situated;

                     Plaintiff,

     -against-

Experian Information Solutions, Inc.
Trans Union, LLC
Cach, LLC, and John Does 1-25.

               Defendant(s).
-------------------------------------------------------------------x

Civil Action No:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## **COMPLAINT**

Plaintiff Keturah Edmunds ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., and as and for her Complaint against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and Cach, LLC ("Cach"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), as all defendants are residents of the state of Delaware.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.* commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

7. At all times material hereto, Experian was a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Trans Union, LLC ("Trans Union"), is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Trans Union may be served with process upon the Prentice Hall Corporation System, Inc., its registered agent for service of process at 251 Little Falls Drive, Wilmington, DE 19808.

10. At all times material hereto, Trans Union was a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Cach, LLC ("Cach"), is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2. Cach may be served with process upon the Corporation Service Company, its registered agent for service of process at 1900 W Littleton Blvd., Littleton, CO 80120.

13. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals;

    b. for whom Cach issued a 1099 to the consumer;

    c. due to the discharge of debt owed by the consumer;

    d. And for whom Cach continued to report a balance to the consumer reporting agencies (including, but not limited to, Experian and Trans Union);

    e. despite this balance no longer being legally owed;

      f. for which these false balances were being reported on a consumer's credit report within five (5) years prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants.

17. Excluded from the Plaintiff Class are Defendants and all officers, members, partners, managers, directors and employees of Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant Cach has been reporting debts that were no longer legally owed, as well as the consumer reporting agencies' failure to recognize this information and update it properly upon being made known by consumers.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys has any interests, which might cause them not to vigorously pursue their action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' reporting of a balance for a debt no longer legally owed by a consumer, and failure to delete timely upon a dispute violate 15 U.S.C. § 1692n and §1692o.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large

        number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

*Defendant Bureaus' Dispute and Violation*

25. On information and belief, on a date better known to Experian and Trans Union (hereinafter, "Defendant Bureaus"), Defendant Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding a Cach debt.

26. The inaccurate information furnished by Defendant Cach and published by Defendant Bureaus is inaccurate since the Cach debt was being reported with a balance, despite the fact that Cach previously discharged this debt, and provided the Plaintiff with a 1099 as proof of the discharged debt. Further, the 1099 required the Plaintiff to report this discharged debt as income.

27. Defendant Bureaus has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

28. Plaintiff notified Defendant Bureaus that she disputed the accuracy of the information Defendant Bureaus was reporting on or around April 18, 2019. Plaintiff specifically stated in a letter that she was disputing the balance on the account and provided a copy of the 1099 from Cach as proof of the discharge of this debt.

29. It is believed and therefore averred that Defendant Bureaus notified Defendant Cach of Plaintiff's dispute.

30. Upon receipt of the dispute of the account from the Plaintiff by Defendant Bureaus, Cach failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including the full balance.

31. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed Cach account, Defendant Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

32. Notwithstanding Plaintiff's efforts, Defendant Bureaus continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

33. As of the date of the filing of this Complaint, Defendant Cach continues to furnish credit data which is inaccurate and materially misleading, and Defendant Bureaus'

reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

34. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

35. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## **FIRST CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Experian)**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

37. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*. ("FCRA").

38. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

39. Experian has willfully and recklessly failed to comply with the FCRA. The failure of Experian to comply with the FCRA includes, but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

40. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

41. The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681n.

42. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

    **WHEREFORE**, Plaintiff, Keturah Edmunds, individually and on behalf of herself and all others similarly situated, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Experian)**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

44. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

45. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

46. Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA includes, but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

  f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

  g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

  h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

47. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

48. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

49. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

  **WHEREFORE**, Plaintiff, Keturah Edmunds, individually and on behalf of herself and all others similarly situated, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Trans Union)**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

51. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

52. Trans Union violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

53. Trans Union has willfully and recklessly failed to comply with the FCRA. The failure of Trans Union to comply with the FCRA includes, but is not necessarily limited to the following:

   i) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   j) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   k) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   l) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

   m) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   n) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   o) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

   p) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

54.     As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

55.     The conduct, action and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681n.

56.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

   **WHEREFORE**, Plaintiff, Keturah Edmunds, individually and on behalf of herself and all others similarly situated, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Trans Union)**

57.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

58.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

59.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

60.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

61.     Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting

reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

62. Trans Union has negligently failed to comply with the FCRA. The failure of Trans Union to comply with the FCRA includes but is not necessarily limited to the following:

    i) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    j) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    k) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    l) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

    m) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    n) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    o) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

    p) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

63. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE**, Plaintiff, Keturah Edmunds, individually and on behalf of herself and all others similarly situated, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Cach)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

68. Pursuant to the FCRA, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

69. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

70. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

71. Defendant Cach violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

72. Specifically, Defendant Cach continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the account balance, and being provided with the proof of the discharge of debt.

73. Additionally, Defendant Cach failed to mark the account as disputed by the consumer.

74. As a result of the conduct, action and inaction of Defendant Cach, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

75. The conduct, action and inaction of Defendant Cach was willful, rendering Defendant Cach liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Cach in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, Keturah Edmunds, individually and on behalf of all others similarly situated, demands judgment in her favor against Defendant, Cach, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Cach)

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

78. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

79. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

80. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

81. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

82. Defendant Cach is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

83. After receiving the notice of Plaintiff's dispute from Experian, Defendant Cach negligently failed to conduct its reinvestigation in good faith.

84. A reasonable investigation would require a furnisher such as Defendant Cach to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

85. The conduct, action and inaction of Defendant Cach was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

86. As a result of the conduct, action and inaction of Defendant Cach, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

87. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Cach in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE,** Plaintiff, Keturah Edmunds, individually and on behalf of all others similarly situated, demands judgment in her favor against Defendant, Cach, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Keturah Edmunds, individually and on behalf of all others similarly situated, demands judgment from Defendants Experian, Trans Union, and Cach as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff and the Class punitive damages;

5. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

6. Awarding pre-judgment interest and post-judgment interest; and

7. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*